IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUSTAFA HOLDEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-3449 |
| | : | |
| THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 14th day of March, 2022, upon independent consideration of Petitioner Mustafa Holden's *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus and the response thereto, and after *de novo* review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, to which no objections have been filed,[1] it is ORDERED:

---

[1] The Report and Recommendation was sent to all parties of record on January 16, 2020, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B) . . . within fourteen (14) days after being served with a copy thereof."). On January 29, 2020, Holden moved for an extension of time to file objections, which the Court granted on February 6, 2020. *See* ECF Doc. No. 12. The Court instructed Holden to file his objections by March 31, 2020. *See id.*

On March 18, 2020, Holden again moved for an extension of time to file objections, which the Court granted on March 26, 2020. *See* ECF Doc. No. 15. The Court instructed Holden to file his objections by June 29, 2020. *See id.* In the same order, the Court informed Holden that the Clerk of Court could not mail him all state court records in the Court's possession at that time because of the COVID-19 pandemic but would do so when it became practical to do so. *See id.* The Court acknowledges that on September 1, 2020, the Court returned the record to the relevant State court, and it appears that due to COVID-19 delays, the record was never sent to Holden.

The Report and Recommendation accurately acknowledges that Holden's Petition is time barred, and thus his receipt of the record would not have impacted his ability to overcome that barrier. However, the Court acknowledged that, due to the COVID-19 pandemic and associated mail delays, Holden did not receive word of his extended deadline to file objections until September 14, 2020, two and a half months after the new deadline had elapsed. In the interest of fairness given the COVID-19 related delay in mailing him the Order granting his previous request for an extension, the Court ordered that Holden would be given an additional 30 day extension, until February 14, 2022, to file his objections to the Report and Recommendation. *See* ECF Doc. No. 17. This Order also informed Holden that the Court was no longer in possession of Holden's state court record.

It is now more than a month after Holden's new deadline, and the Court has not received any communication from Holden in more than seventeen months.

1. The Report and Recommendation (Document 9) is APPROVED and ADOPTED;

2. Holden's Petition (Document 1) is DENIED with prejudice and DISMISSED; and

3. Holden having failed to make a substantial showing of the denial of a constitutional right, nor that reasonable jurists would disagree with this Court's determination, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

4. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.